# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

HOWARD ANDREW SAMPLER :
2712 Fairlawn Street
Temple Hills, MD 20748

      Plaintiff

    vs.

Case No. _____

UNITED STATES OF AMERICA :

Serve Registered Agents:
United States Attorney for the
District of Columbia
555 4th Street, N.W.
Washington, DC 20001

    and

Attorney General of the United
States U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, DC 20530-0001

    Defendant

## COMPLAINT
(Automobile Accident - Personal Injury)

Plaintiff, HOWARD SAMPLER, alleges:

## I. JURISDICTION

1. This action arises under the Federal Tort Claims Act, 28 U.S.C.A. § 2671 *et seq.* and § 1346 (b).

2. Plaintiff is a United States citizen who resides in the state of Maryland.

3. The claim set forth in *Exhibit A*, attached and incorporated by reference was presented to the Architect of the Capitol on or about November 8, 2013 pursuant to 28 U.S.C.A. § 2675 (a).

4. On or about March 12, 2015, the Architect of the Capitol denied Plaintiff's claim.

## II. VENUE

5. Venue is proper under 28 U.S.C.A. 1402 (b) because the occurrence giving rise to the claim occurred in this district.

## III. FACTS

6. The Defendant, UNITED STATES OF AMERICA, is sued under the Federal Tort Claims Act, 28 U.S.C.A. §2671 *et. seq.*, as the employer of Malcolm T. Monroe who Plaintiff is informed and believes was in the course and scope of his employment at the time that he was operating a vehicle owned by the Defendant's agency, the Architect of the Capitol, when it was involved in the collision described below. Defendant, through its agency, owned and controlled the vehicle operated by Malcolm T. Monroe.

7. That on or about 11 June, 2013, the Plaintiff, HOWARD SAMPLER, was operating a motor vehicle eastbound on E Street, S.E. at the intersection of New Jersey Avenue, S.E., Washington, D.C. and made a proper right turn onto New Jersey Avenue, S.E.

8. That Malcolm T. Monroe acting in the scope of his employment, failed to pay full time and attention to his driving, failed to maintain a proper distance and drove his agency's vehicle in a careless, reckless and negligent manner, all in violation of the motor vehicle rules and regulations then and there in full force and effect in the District of Columbia and he collided with the rear of Plaintiff's vehicle at or near the described intersection.

9. At the time of the accident, Malcolm T. Monroe, was driving a vehicle while in the course and within the scope of his employment with the Defendant, UNITED STATES OF AMERICA, and accordingly, the Defendant, UNITED STATES OF AMERICA, is responsible for and is liable to Plaintiff for the negligence of its employee.

-2-

10. That as a direct and proximate result of the aforesaid carelessness and negligence of the Defendant, the Plaintiff, HOWARD SAMPLER, was caused to to suffer various painful, serious and permanent injuries to his body, which necessitated medical care and attention at great expense, loss of time and earnings from his gainful employment, property damage to his vehicle, and other damages.

11. On or about 8 November, 2013, Plaintiff filed, through his counsel, a Claim for Damage, Injury or Death, Standard Form (SF) 95 with the Architect of the Capitol, relative to the incident in question, seeking a sum certain of $15, 000.00. A copy of the administrative claim is attached hereto as *Exhibit B* and is incorporated by reference.

12. On or about 12 March, 2015, the Plaintiff's counsel received a letter from The Architect of the Capitol denying Plaintiff's claim.

13. Pursuant to the Federal Tort Claims Act, Plaintiff, HOWARD SAMPLER, has filed this Complaint against the Defendant, UNITED STATES OF AMERICA, within six (6) months of the denial of his administrative claim and he has exhausted all required administrative remedies.

14. As a result of the incident described above, Plaintiff has sustained injuries and damages which were directly and proximately caused by the negligence of an employee of the Defendant, Architect of the Capitol, who was acting while in the course and scope of his employment with Defendant, Architect of the Capitol, and Plaintiff is entitled to recover for his injuries and economic damages from the Defendant.

**WHEREFORE**, the Plaintiff, HOWARD SAMPLER, demands judgment against the Defendant, UNITED STATES OF AMERICA, in the amount of Fifteen Thousand Dollars ($15,000.00), plus property damage in the amount of One Thousand Three Hundred Forty One Dollars ($1,341.00), and costs.

-3-

Respectfully Submitted,

**PETER F. FEDAK, P.A.**

/s/ William R. Scanlin
William R. Scanlin, Esquire  #02466
401 North Washington Street, Suite 100A
Rockville, Maryland 20850
(301) 881-6444
Attorney for Plaintiff
Peter@fedak.com

CLAIM FOR DAMAGE, INJURY, OR DEATH

FORM APPROVED
OMB NO. 1105-0008

INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions.

| 1. Submit to Appropriate Federal Agency | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse.) Number, Street, City, State and Zip code. |
|---|---|
| Architect of the Capitol | Howard Samper, 2712 Fair lawn street, Temple hills MD 20748 / Peter Fedak, ESQ. 401 N Washington st # 10, Rockville MD 20850 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☒ CIVILIAN | 03/21/51 | Single | 06/11/13 Tuesday | 12:00 pm |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

On 06/11/13 at approximately 12:00 pm, I was proceeding from New Jersey Avenue SE mailing a right turn onto E street, SE Washington DC when the at-fault driver collided with the rear of my vehicle. Injury to my neck and back with pain radiating down my right leg and foot.

9.

PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code)

Howard Samper, 2712 Fair lawn street, Temple Hills MD 20748

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

2000 Jeep Cherokee - driveable and located at Howard Samper's home. 2712 Fair lawn street, Temple Hills MD 20748

Damage: $1,341.00 to rear bumper

10.

PERSONAL INJURY/WRONGFUL DEATH

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

cervical strain
lumbar strain
dorsal myofascitis

11.

WITNESSES

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| Keenan Miller | 2712 Fair lawn street, Temple Hills MD 20748 |

12. (See instructions on reverse.)

AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| $1,341.00 plus skap and car rental | $0 10,000.00 | n/a | $15,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| *(signature)* | 301-630-3144 | 10/10/13 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729.) | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable

95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

EXHIBIT
A

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident insurance? ☑ Yes  If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☐ No

MAIF (Maryland Automobile Insurance Fund)
1750 Forest Drive
Annapolis MD 2HU

Claim No. V-068-140
PIP claim only

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☑ Yes ☐ No   17. If deductible, state amount

$ 2,500.00 PIP coverage

2500 PIP
coverage

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts)

PIP claim pending

19. Do you carry public liability and property damage insurance? ☐ Yes  If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code) ☑ No

INSTRUCTIONS

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.

Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
 A. Authority: The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

 B. Principal Purpose: The information requested is to be used in evaluating claims.
 C. Routine Use: See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
 D. Effect of Failure to Respond: Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV (2/2007) BACK

# JOB INVOICE

## WASHINGTON AUTO SALES & COLLISION CENTER

INSURANCE CLAIMS ▪ FRAME WORK/MECHANICAL HONDA ▫ TOYOTA ▫ LEXUS ▪ NISSAN
2607 REED ST., NE
WASHINGTON, DC 20018
202-269-1050 / 202-415-6033

TOWING SERVICE IS AVAILABLE

| | | | | DATE ORDERED $9-18-13$ | ORDER TAKEN BY |
|---|---|---|---|---|---|
| SOLD TO: HUWARD SAMPLER | | | | PHONE NO. 2021220 6950 | CUSTOMER ORDER # |
| ADDRESS: 2712 FAIRLAWN ST | | | | JOB LOCATION | |
| TEMPLE HULLS MD 20748 | | | | JOB PHONE | STARTING DATE |
| ATTENTION: Vin 1T4EW58N6YC261096 Year 2000 | | | | TERMS GRAND CHEROKE Limits | |

| | | | | | |
|---|---|---|---|---|---|
| ✓ | replacent rear bager | | 540 | 00 | |
| ✓ | replacent step pad | | 53 | 50 | |
| ✓ | rear gate | | | | |
| ✓ | alugnment rear gate | | | | |
| | left said close. | | | | |
| | R side open Gate | | | | |
| | | | | | |
| | material haver?? | | | | |
| | clear coat 240.00 | | | | |
| | | | | | |
| | paint rear burger. | | | | |
| | rear gate | | | | |
| | | | | | |
| | Supplement. need | | | | TOTAL MISCELLANEOUS: |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

| | TOTAL MATERIALS | | | TOTAL LABOR | |
|---|---|---|---|---|---|

WORK ORDERED:

DATE ORDERED:

DATE COMPLETED:

| | | |
|---|---|---|
| TOTAL LABOR: | 480 | 00 |
| TOTAL MATERIALS: | 593 | 50 |
| TOTAL MISCELLANEOUS: | 240 | 00 |
| SUBTOTAL: | | |
| TAX: | 28 | 00 |
| GRAND TOTAL | 1341 | 00 |

CUSTOMER
APPROVAL SIGNATURE

# PETER F. FEDAK, P.A.

401 North Washington Street
Suite 100A
Rockville, Maryland 20850
**(301) 881-6444 * Fax (301) 881-7441**

November 8, 2014

Marsha Delois Gantt
Architect of the Capitol
Office of General Counsel
2nd and D Streets S.W., Room H2-265A
Washington, DC 20515

| Re: | Insured | : | Monroe Malcolm A.O.C. Vehicles |
| --- | --- | --- | --- |
| | Claimants | : | Howard Sampler and Keenan Miller |
| | D/Loss | : | 06/11/13 |

Dear Ms. Gantt:

Enclosed is verification of all specials sustained in this matter, which are itemized as follows:

## HOWARD SAMPLER:

| | |
| --- | --- |
| Eric Dawson, MD | $ 760.00 |
| 06/11/13 - 07/23/13 | |
| Physical Medicine Rehab Center | $ 2,970.00 |
| 06/19/13 - 07/25/13 | |
| Lost Wages: | $11,840.00 |
| Self employed - Home Improvement | |
| 06/11/13 - 07/23/13 | |
| 296 hours @ $40.00 per/hr | |

| **TOTAL MEDICALS** | **$ 3,730.00** |
| --- | --- |
| **TOTAL WAGES** | **$11,840.00** |

| **TOTAL** | **$15,570.00** |
| --- | --- |

As you will note from the enclosed medical reports, this claimant presented to Dr. Dawson with complaints of pain, spasm and stiffness to the neck, upper - and lower back with spasm, stiffness and discomfort extending down into his right foot. He was referred for x-rays of his cervical and lumbar spine, which revealed collapse of the L4-5 and L5-S1 disc space with anterior and posterior osteophytes. He was diagnosed with cervical strain, dorsal myofascitis and lumbosacral sprain/strain pattern. He was prescribed medication, referred for a formal course of physical therapy and placed off work.



EXHIBIT
B

Page Two

It is noted that Mr. Sampler suffered from increased tone, spasm and stiffness of the cervicodorsal musculature, trigger points presented mid substance of the trapezius muscles, tenderness to the inner border of the scapulae bilaterally and acute inflamation of the supportive musculature.

Mr. Sampler was treated conservatively with rest, medications, formal physical therapy and exercises. He gradually improved and was released from active medical care with the advice to return if the symptoms became too severe.

## LOSS OF EMPLOYMENT

Mr. Sampler is a self-employed carpenter. The doctor put him on light duty, however due to the nature of his job, light duty was not an option and he was caused to miss time. As a result of his injuries he was unable to work from 06/11/13 - 07/23/13.

## KEENAN MILLER:

| | |
|---|---|
| Eric Dawson, MD | $1,100.00 |
| 06/11/13 - 07/09/13 | |

**TOTAL**     **$1,100.00**

As you will note from the enclosed medical reports, this passenger claimant presented to Dr. Dawson with complaints of pain, spasm and stiffness to the neck, upper - and lower back, left leg and left foot. He was referred for x-rays of his cervical and lumbar spine, which were unremarkable. He was diagnosed with cervical strain, dorsal myofascitis and lumbosacral sprain/strain pattern. He was prescribed medication, referred for a formal course of physical therapy and placed off work.

It is noted that Mr. Keenan suffered with numbness, tingling, burning and weakness with some loss of motion to his lower back.

Mr. Keenan was treated conservatively with rest, medications, formal physical therapy and exercises. He gradually improved and was released from active medical care with the advice to return if the symptoms became too severe.

## LIABILITY

Regarding liability in this matter, as your file will reflect, your insured failed to pay full attention to his driving and collided with the rear of our clients' vehicle. The impact of this collision was so severe as to cause the above injuries.

**DEMAND**

If you are interested in settlement of these liability claims, then due to the nature and extent of my clients' injuries, as well as the clear liability of this accident, I would recommend that these case be settled for:

Howard Sampler    $15,000.00 plus property damage/car rental reimbursement
Keenan Miller    $ 5,000.00

Please review the enclosed documentation and let me have your settlement thoughts.

Yours very truly,

**PETER F. FEDAK, P.A.**

Peter F. Fedak

PFF/ava/nnt
enclosures